Hon. Alfred F. Sica Counsel to the County Clerk New York County
You have asked the following questions:
 "1. Can a general partnership, as an entity, file a certificate of doing business under an assumed name, a business other than the business for which the partnership was formed?
 2. Can a limited partnership file a certificate of doing business under an assumed name, for a business other than the limited partnership itself?
 3. Can a limited partnership serve as a general partner in a new limited partnership?"
 1.
A general partnership engages in such business as the partners agree upon. In order to carry on that business under their assumed partnership name, the partners must file a certificate in the office of the county clerk of each county in which business is to be conducted (General Business Law, § 130 (1) (ii) (b)). Although this requirement does not specify that the scope of the partnership's business must be set forth, certificates usually reveal the nature of the business. In any event, the scope of the business can be no broader than the scope of business provided for by the partnership agreement. It follows that the partners must modify their partnership agreement before they can engage in a business not covered by their original agreement. If the certificate as originally filed specified the nature of the business, the certificate would have to be amended to specify the scope of business as modified (Id., § 130 (3)). We note, however, that since there is no requirement that a general partnership specify in detail the scope of its business, a county clerk might not know that a proposed filing was for doing business not authorized by the partnership agreement. But if a county clerk did know this, filing should be refused. (Note that a limited partnership certificate must specify the "character of the business" [Partnership Law, § 91 (1) (a) (II)].)
 2.
A limited partnership does not file the certificate required by section 130 (1) before conducting a business under an assumed name (General Business Law, § 130 (7)). Rather, a limited partnership files a certificate in the office of the county clerk in which the principal office of the limited partnership is located (Partnership Law, §91). A limited partnership can engage in only the business specified in its certificate. If the limited partnership wished to change the character of its business, it would have to amend its certificate (Id.,
§ 114 (1)) and file the amendment in the office where the certificate is on file (Id., subd. (5)).
 3.
Section 92 of the Partnership Law states that a limited partnership may engage in any business in which a partnership without limited partners may engage. We have recently stated that a general partnership may become a partner in a limited partnership (1972 Op Atty Gen [Inf] 272). By the same logic, a limited partnership should be able to become a general partner in a new limited partnership. This is supported by the interrelated definitions of the Partnership Law, § 2
of which includes a partnership in the definition of "person" and section 10 (1) of which defines a partnership as an association of two or more "persons" to carry on a business as co-owners. Section 10 (2) has a qualification limiting the rights of a limited partnership to those not inconsistent with Article 8, which authorizes limited partnerships. That article is hardly inconsistent with the rest of the Partnership Law insofar as your question is concerned, for section 92 of that article, as noted, permits a limited partnership to engage in any business open to a general partnership. (It should be noted that the business of the new limited partnership would have to be within the scope of the business specified in the certificate of the pre-existing limited partnership.)
We conclude that
(a) a general partnership may engage only in the business authorized by the partnership agreement;
(b) a limited partnership may do business only under the terms of the certificate filed under section 91 of the Partnership Law and may not file a certificate under section 130 (1) of the General Busness Law; and
(c) a limited partnership may become a general partner in a second limited partnership.